LINDEN AVENUE IMPROVEMENT COMPANY, A CORPORATION OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. DANNENHOWER MOTOR COMPANY, DEFENDANT-APPELLANT.

Submitted October term, 1928—Decided March 11, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellant, *Carl Kisselman.*

For the respondent, *Philip Wendkos.*

PER CURIAM.

The defendant appeals from a judgment rendered against it in the Camden District Court. The case was by the landlord of premises 1028 Haddon avenue, Collingswood, to hold the defendant liable on a lease of plaintiff's property made to one Coffey. The lease was made April 28th, 1927, for eight months at $50 per month. The rent was paid to June 1st, 1927, but not thereafter, and the suit was to recover from the defendant the balance of the rent for the term. One Cuthbert, vice-president of the plaintiff company, testified that after the execution of the lease he visited Daniel Dannenhower, the president of the defendant company, and that Dannenhower had said that he was "going to take over the lease for defendant and that the same was satisfactory to him." That later the words "Branch of Dannenhower Motor Company, Camden, N. J.," were lettered on the window of the premises. Also that two months' rental which had been paid

were paid by Coffey with the checks of the defendant company drawn to the order of the plaintiff.

The District Court, in this situation, rendered judgment for the plaintiff for the remaining six months, namely, $300, with interest. We think this was unwarranted. The evidence fails to disclose a legal undertaking by the defendant company to assume the obligation of the lease or liability for use and occupation. As to the first it was incumbent on the plaintiff to show not only that the president of the defendant company had actually contracted to assume the lease (which may be doubtful from the state of facts agreed upon) but that he had authority from his corporation to do so. *Economy Auto Supply Co.* v. *Fidelity Union Trust Co., Inc.,* No. 27, May term, 1928 (not yet reported). This it failed to do.

Nor was there liability for use and occupation. The name of the company was not proved to have been put on the window by any authority of the defendant, nor was it proved that the defendant ever occupied the premises. On the contrary it clearly appeared from the testimony of the defendant's witnesses that the lettering on the window was placed there without its knowledge or consent by Coffey, the lessee. Under these circumstances the evidence failed to establish either an assumption of the lease by the defendant or a use and occupation under the lease which would afford the plaintiff a right of recovery.

The judgment is reversed.